IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY KUHNE,

    Plaintiff,

v.                                       CASE NO. 5:11-cv-209-RS-CJK

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## AMENDED ORDER

Before me is Defendants' Motion to Dismiss Count I of Plaintiff's Amended Complaint (Doc. 8). On July 28, 2011, the motion was denied (Doc. 13); however, I granted Defendants' Motion for Amended Order (Doc. 16) to explain my reasoning for denying the motion to dismiss based on the qualified immunity of Defendant McIntosh.

In order to overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the

complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000)(citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

The doctrine of qualified immunity protects government officials from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (citation omitted). This doctrine is intended to balance "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*.

In *Saucier v. Katz,* 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001), the Supreme Court mandated a two-step process for lower courts to follow in resolving qualified immunity claims. First, the court had to decide whether the facts that the plaintiff alleged showed a violation of a constitutional right. *Id*. Second, if the plaintiff satisfied the first step, the court had to determine whether "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson,* 129 S. Ct. at 816 (*quoting Saucier,* 533 U.S. at 201).

The Supreme Court revisited *Saucier's* mandatory two-step inquiry in *Pearson. Id., * 129 S. Ct. at 815-18. The Court held that while the *Saucier* process is

2

often appropriate, "it should no longer be regarded as mandatory." Rather, "[t]he judges of the district courts and the court of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818.

Applying this two-step analysis, the courts have recognized that "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Erickson v. Pardus*, 551 U.S. 89, 90, 127 S. Ct. 2197, 2198 (2007) (*citing Estelle v. Gamble*, 429 U.S. 97, 104-105, 97 S. Ct. 285, 292(1976)). This is true whether the "indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*.

To sustain such a claim, Plaintiff must allege facts that satisfy both an objective and a subjective requirement. There must be an "objectively serious deprivation" of medical care, which requires (1) "an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm," and (2) that the state actor's response "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law."

*Granda v. Schulman*, 372 Fed. Appx. 79, 82-83 (11th Cir. 2010) (per curiam) (citations omitted).

Plaintiff also must allege the state actor's subjective intent to punish by pleading facts that would show that Defendants acted with deliberate indifference. Deliberate indifference is shown by: (1) the actor's "subjective knowledge of a risk of serious harm," (2) the actor's "disregard of that risk," and (3) "conduct that is more than mere negligence." *Id.* Deliberate indifference includes: (1) "grossly inadequate care," (2) "a decision to take an easier but less efficacious course of treatment," and (3) medical care that is "so cursory as to amount to no treatment at all." *Id*.

Turning to the facts of the case, when viewed in the light most favorable to the Plaintiff, Defendant McIntosh is not entitled to qualified immunity.  Defendant argues that she had no subjective knowledge of a risk to serious harm to Plaintiff, and therefore, does not meet the subjective requirement of Plaintiff's claim. Plaintiff's Amended Complaint states, "On January 29, 2009, Defendant, MCINTOSH, acknowledged KUHNE's pleas for urgent medical attention, denied his request, told him it was a 'medical' issue, and did absolutely nothing to help him obtain badly needed care for his extremely serious medical condition." (Doc. 6).  Taking Plaintiff's allegations as true, Defendant McIntosh intentionally refused to aid Plaintiff for an urgent medical condition.  The Eleventh Circuit has

"consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference." *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995).

Plaintiff told Defendant McIntosh that he needed urgent medical attention, and Defendant McIntosh intentionally refused to help Plaintiff seek treatment. This meets the subjective requirement of Plaintiff's claim for deliberate indifference. Therefore, Defendant McIntosh is not entitled to qualified immunity, and Defendants' Motion to Dismiss is **DENIED**.

**ORDERED** on January 27, 2012.

                                         **/s/ Richard Smoak**
                                         **RICHARD SMOAK**
                                         **UNITED STATES DISTRICT JUDGE**